**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AHMET ARDIC,<br><br>                                              Petitioner,<br><br>          v.<br><br>CHRISTOPHER LAROSE, Senior<br>Warde, Otay Mesa Detention Center<br><br>                                              Respondent. | Case No.:  26cv1828 DMS SBC<br><br>**ORDER GRANTING PETITION** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a Return to the Petition, and Petitioner filed a Reply.  For the following reasons, the Petition is granted.

Petitioner is a native and citizen of Turkey.  (Pet., Ex. 1.)  On August 29, 2025, he entered the United States without inspection and was arrested by Border Patrol officials. (*Id.*)  He was determined to be inadmissible, placed in expedited removal proceedings, and taken into Immigration and Customs Enforcement ("ICE") custody.  (*Id.*)  Petitioner was referred for a credible fear interview with an asylum officer, and after receiving a positive finding, was issued a Notice to Appear, which initiated full removal proceedings.  (*Id.*; Return at 2.)  On March 11, 2026, Petitioner appeared before an immigration judge for a

custody redetermination hearing. Petitioner's request was denied based on *Matter of Yajure-Hurtado*, 29 I & N Dec. 216 (BIA 2025).[1] (Pet., Ex. 1.) According to the Return, Petitioner was scheduled for a master hearing before an immigration judge on April 22, 2026. It is unclear whether that hearing went forward as scheduled or was continued. In either case, as of May 7, 2026, Petitioner was still detained at Otay Mesa Detention Center.

On March 23, 2026, Petitioner filed the present case alleging his continued detention without a bond hearing violates his due process rights. Respondents argue Petitioner's detention has not been unconstitutionally prolonged.

In *Banda v. McAleenan*, 385 F.Supp.3d 1099, 1106 (W.D. Wash. 2019), the court set out

> a framework for analyzing a due process challenge to prolonged detention, a six factor balancing test used by some district courts, that considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Sadeqi v. LaRose*, 809 F.Supp.3d 1090, 1093-94 (S.D. Cal. 2025). This Court has applied those factors to similar claims, *see*, *e.g.*, *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL); *Ogandzhanian v. Warden of Otay Mesa Detention Center*, Case No. 26cv0093 DMS MSB, ECF No. 6, and does so again here.

Starting with the first factor, Petitioner has been detained since August 29, 2025, or for nearly nine months. The current status of Petitioner's immigration proceedings is unclear, and thus the length of Petitioner's future detention is also unclear. On the third factor, courts in this District and elsewhere have found the conditions of confinement at

---

[1] In *Yajure-Hurtado*, the Board of Immigration Appeals reasoned that any individual who entered the United States without admission is an "applicant for admission" (meaning, an "alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)"), and must, therefore, be detained during removal proceedings pursuant to 8 U.S.C. § 1225(b)(2).

Otay Mesa Detention Center, where Petitioner is currently housed, "are not dissimilar to criminal confinement[.]" *Gao v. LaRose*, 805 F.Supp.3d 1106, 1111 (S.D. Cal. 2025). *See also Zhakuov v. Noem*, No. 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *3 (S.D. Cal. Feb. 25, 2026) (quoting *Kydyrali v. Wolf*, 499 F.Supp.3d 768, 773 (S.D. Cal. 2020)) (stating multiple courts have found detention at Otay Mesa "'is indistinguishable from penal confinement'"). On the fourth and fifth factors, Respondents argue any delays in Petitioner's immigration proceedings were the result of Petitioner's requests to continue and were not caused by Respondents, but Respondents failed to produce any evidence to support those assertions. Absent any evidence, these factors are neutral. And the same goes for the sixth factor, as it is unclear what the outcome of Petitioner's immigration proceedings will be.

Because the balance of factors weigh in favor of Petitioner, the Court finds Petitioner's detention has become unconstitutionally prolonged and violates due process. Accordingly, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within fourteen (14) days of this Order unless Petitioner requests a continuance. At that bond hearing, the Government shall have the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight if released on bond. Respondents shall file a Joint Status Report within twenty-one (21) days of this Order's entry confirming Petitioner received a bond hearing and setting out the results thereof.

**IT IS SO ORDERED**.

Dated: May 22, 2026

Hon. Dana M. Sabraw
United States District Judge

3

26cv1828 DMS SBC